Denis P. McAllister
Attorney at Law
(NYS Bar# 2508182)
70 Glen Street, Suite 395
Glen Cove, New York 11542
Tel.# (516) 816-6644
email: Kogid67@aol.com

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA

-----------------------------------------------------X
ALEXIS RACHWALSKI,

        Plaintiff,

-v.-

Merrick Garland, in his official capacity as Attorney General of the United States, DEPARTMENT OF JUSTICE, and Christopher Wray, in his official capacity as Director of the FEDERAL BUREAU OF INVESTIGATION,

        Defendants.
-----------------------------------------------------X

Case No.:

**COMPLAINT FOR WORKPLACE DISCRIMINATION IN THE FEDERAL FEDERAL GOVERNMENT**

1. Sex {42 USC §2000e-16(a)}
2. Retaliation {42 USC §2000e–3(a)}
3. Disability {42 USC §12112(a) *et seq.*}

**PLAINTIFF DEMANDS A JURY TRIAL**

Plaintiff, ALEXIS RACHWALSKI, ("Plaintiff"), complains and alleges as follows:

### I. JURISDICTION

1. This case is brought pursuant to the Civil Rights Act of 1964, as codified, 42 USC §§ 42000-e to 2000e-17 for violation of the Complainant's rights against employment discrimination on the basis of sex (Female) and prior protected EEO activity (reprisal) and pursuant to Sections 501 and 502 of the Rehabilitation Act of 1973, as amended, 29 USC §791, *et seq.* ("Rehabilitation Act"). 42 USC § 12101-12117, 12201-12213.

Subject matter jurisdiction is founded upon Title 28 U.S.C. § 1331, and § 1346. Also,

sovereign immunity is waived by 5 U.S.C. § 702.

## II. VENUE

2. Defendant Federal Bureau of Investigation maintains a Field Office in Indianapolis, Indiana, and a substantial part of the Defendants' actions and omissions giving rise to the Plaintiff's claims and economic and non-economic injuries arose in Indianapolis, Indiana and but for the Defendants' unlawful employment actions is the location in which this Plaintiff would be otherwise employed. Therefore, venue is proper in the Southern District of Indiana pursuant to 42 U.S.C. § 2000e-(f)(3), 28 U.S.C. § 1391(b)(2) and 28 U.S.C. § 1391(e).

## III. PARTIES

3. Plaintiff is an adult citizen of the United States and a former employee of the Federal Bureau of Investigation ("FBI"), a component within the Department of Justice. At the time of the Defendants' discriminatory employment actions and her constructive termination from federal employment, the Plaintiff was a special agent with the FBI and assigned to the Indianapolis Field Office, located in Indianapolis, Indiana.

4. Plaintiff's sex is Female.

5. Plaintiff's residence is the ███████, ███████, ███████[1].

6. Defendant, Merrick D. Garland, is the Attorney General of the United States and cabinet Head over the U.S. Department of Justice and has his office situated in the District of Columbia. Defendant Merrick Garland is sued only in his official capacity.

7. At all times mentioned herein, the Department of Justice, is an executive department and

---

1 Redacted pursuant to Fed. R.Civ.P. 5.2(a)5-11(c) and S.D. Ind. Local Rule 5-11(c)(2).

"agency" within the meaning of Title VII of the Civil Rights Act of 1964 (42 U.S.C. §2000e *et seq.*) and 5 U.S.C. §101, with its principal offices in the District of Columbia.

8. Defendant Christopher Wray, serving as Director of the Federal Bureau of Investigation has his principal office in the District of Columbia and the Federal Bureau of Investigation is an executive agency within the meaning of 5 U.S.C. §105. Defendant Christopher Wray is sued only in his official capacity.

9. Defendant Federal Bureau of Investigation (aka "Defendant FBI") is a subordinate component of the Department of Justice pursuant to 28 C.F.R. § 0.1. Defendant FBI maintains 56 Field Offices across the United States.

10. At the time of the acts of alleged discrimination by the Defendants the Plaintiff was an employee of the federal Government, as that term is defined in 5 U.S.C. §2105(a)(1)(1) and 42 U.S.C. §2000e(f), employed in the excepted service, as that term is defined in 5 U.S.C. §2103(a).

11. On October 27, 2019, the Plaintiff entered on duty with Defendant FBI in the special agent series (GS-1811-10) and attended new agent training (NAT) at Quantico, Virginia.

12. As a Special Agent with the Defendant FBI the Plaintiff was given, as her first field assignment, the Indianapolis Field Office. The Plaintiff was hired into an excepted service position as a GS 1811-10 and was required to serve a two (2) year probationary period.

13. Upon arrival to the Indianapolis Field Office the Plaintiff was assigned to the Division's Special Operations Group (aka "the Surveillance Squad", "SOG") at which time Plaintiff became a direct report to Supervisory Special Agent Charles O'Neal (SSA O'Neal).

### IV.   EXHAUSTION OF FEDERAL ADMINISTRATIVE REMEDIES
**(Factual Allegations)**

14. Paragraphs 1 through 13 are incorporated herein by reference as though fully set forth

herein.

15. Plaintiff was discriminated against and subjected to a hostile work environment and harassment based on her sex (Female), to include sexual harassment, when

    (a) In January of 2020, Plaintiff was denied placement on the Indianapolis Field Office Public Corruption Squad;

    (b) On July 28, 2020, Plaintiff was informed that she could not participate in a temporary duty assignment (TDY) to the Chicago Field Office.

16. Plaintiff was discriminated against and subjected to a hostile work environment and harassment based on sex (Female), to include sexual harassment, disability (physical), and reprisal for prior EEO activity (opposition to a discriminatory practice) when

    (a) Between March and June of 2020, inclusive, SSA O'Neal made inappropriate comments about her relationship status;

    (b) In or about July of 2020, SSA O'Neal sent Plaintiff intrusive and inappropriate text messages;

    (c) In July of 2020, Plaintiff was informed by another Indianapolis male special agent that she had been referred to as a "big butch lesbian cop";

    (d) On April 25, 2021, Supervisory Special Agent Spencer Brooks (SSA Brooks), over the Complex Financial Crimes squad (CFC), requested Plaintiff's protected, sensitive medical information;

    (e) On May 11, 2021, it was disclosed during a CFC squad meeting that Plaintiff was receiving physical therapy for a work-related injury;

    (f) On June 21, 2021, Plaintiff was provided a desk directly outside of SSA Brooks' office in his (SSA Brooks) direct line of sight, which secluded Plaintiff from the rest of her

squad mates;

(g)  On August 3, 2021, SSA Brooks directed the Plaintiff to inform her (CFC) squad mates that her medical restrictions had been lifted;

(h)  In August of 2021, Special Agent Victoria Madtson (SA Madtson) told the Plaintiff that she (Plaintiff) was Assistant Special Agent in Charge Paul Holdeman's (ASAC Holdeman) "type and he (ASAC Holdeman) may want to get close to you (Plaintiff)" and that SA Madtson suggested that Plaintiff "wear a low-cut shirt" for an upcoming meeting with an Assistant United States Attorney and SA Madtson further counseled Plaintiff about her attire at work;

(i)  On September 1, 2021, SSA Brooks told her there is "no dress code policy", and that she (Plaintiff) was "expected to wear what she is told";

(j)  On September 7, 2021, SSA Brooks accused the Plaintiff of "violating confidentiality";

(k)  On September 8, 2021, Plaintiff's request for telework was denied;

(l)  On September 13, 2021, the Plaintiff was provided an unfavorable Performance Quick Feedback regarding the purported confidentiality violation;

(m)  On September 23, 2021, SSA Brooks directed the Plaintiff to change her Web Time and Attendance entry for September 16, 2021, to reflect Plaintiff's usage of sick leave;

(n)  On October 8, 2021, Indianapolis Special Agent in Charge Paul Keenan (SAC Keenan) stated to Plaintiff that she was being recommended by Defendants as not having successfully passed her probationary period and gave the Plaintiff the option to resign (in lieu of dismissal); when she elected to resign SAC Keenan stated to Plaintiff "good choice"; and

(o) On or about October 8, 2021, the Plaintiff was constructively discharged from her federal employment.

17. At the time of her involuntary resignation from the FBI, the Plaintiff was still serving a probationary period.

18. On or about October 18, 2021, Plaintiff initiated the Defendants' internal EEO processing with the Defendants.

19. On May 2, 2022, the Plaintiff filed a formal complaint of discrimination with the Defendants.

20. An investigation into Plaintiff's allegations of discrimination was conducted by the Defendants.

21. On February 27, 2023, a Hearing was commenced into these same allegations of discrimination before an administrative judge of the Equal Employment Opportunity Commission (EEOC).

22. On February 28, 2023, the Plaintiff withdrew her request for a hearing before the EEOC and requested that Defendant Department of Justice issue a Final Agency Decision.

23. On March 27, 2023, the EEOC issued a Hearing Dismissal Order.

24. On March 28, 2023, Defendant Department of Justice's component known as Complaint Adjudication Office issued the parties a memo indicating that it was undertaking the process of issuing a Final Agency Decision (FAD) stemming from the March 27, 2023, EEOC Hearing Dismissal order.

25. To date, neither the Plaintiff nor Plaintiff's attorney have received a FAD and more than 180 days have elapsed since the Plaintiff filed her formal complaint with the Defendants. As such, Plaintiff has exhausted her federal administrative remedies.

## V.   CLAIMS FOR RELIEF
## FIRST CLAIM FOR RELIEF

### Sex-based Discrimination

{Title VII, Sex-Based Discrimination in Employment; 42 U.S.C. §2000e-3(a)}

27.   Paragraphs 1 through 26 are incorporated herein by reference as though fully set forth herein.

28.   The Defendants discriminated against the Plaintiff and subjected the Plaintiff to harassment and a hostile work environment due to the Plaintiff's sex. To wit, Female.

29.   The Defendants intentionally and unlawfully removed the Plaintiff from her position as a special agent because of her sex, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. 2000e-3(a).

30.   As a result of the Defendants' unlawful actions the Plaintiff has suffered economic and non-economic damages, as well as emotional pain and suffering.

31.   The Plaintiff has exhausted her administrative remedies.

## SECOND CLAIM FOR RELIEF

### Retaliation Discrimination

{Title VII, Reprisal Based Discrimination in Employment; 42 U.S.C. §2000e-3(a)}

32.   Paragraphs 1 through 31 are incorporated herein by reference as though fully set forth herein.

33.   The Defendants discriminated against the Plaintiff and subjected the Plaintiff to harassment and a hostile work environment due to the Plaintiff's prior protected EEO activity (reprisal).

34.   Defendants intentionally and unlawfully removed the Plaintiff from her position as special

agent because of her participation in EEO protected activity, in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e-3(a).

35. As a result of the Defendants' unlawful actions the Plaintiff has suffered economic and non-economic damages, as well as emotional pain and suffering.

36. Plaintiff has exhausted her administrative remedies.

## THIRD CLAIM FOR RELIEF

### Disability Discrimination

{Rehabilitation Act; 42 U.S.C. §12101-12117, 12201-12213 *et seq.*}

37. Paragraphs 1 through 36 are incorporated herein by reference as though fully set forth herein.

38. The Defendants discriminated against the Plaintiff and subjected the Plaintiff to harassment and a hostile work environment due to the Disability (physical). .

39. Defendants intentionally and unlawfully removed the Plaintiff from her position as special agent because of her participation in EEO protected activity, in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e-3(a).

40. As a result of the Defendants' unlawful actions the Plaintiff has suffered economic and non-economic damages, as well as emotional pain and suffering.

41. Plaintiff has exhausted her administrative remedies.

## VI.   PRAYER FOR RELIEF

WHEREFORE, Plaintiff makes the following demand and prays as follows:

a) Plaintiff hereby demands a trial by jury and that process be issued and served as provided by law, requiring the Defendants to appear and answer or face judgment;
b) Enjoin Defendants from engaging in such illegal conduct.
c) Reinstatement of the Plaintiff to the position of special agent with the Federal Bureau of

|     |     |
| --- | --- |
|     | Investigation, retroactive to the date of her separation from the federal service; |
| d)  | For all compensatory, general, and special damages against the Defendants in the amount proven at trial; |
| e)  | For pecuniary damages for back wages, with interest, under the Back Pay Act, 5 U.S.C. §5596(b)(i) and front pay; |
| f)  | For an award of costs and an award of reasonable attorney's fees under the Back Pay Act, 5 U.S.C.§5596(b)(ii), and/or under the Equal Access to Justice Act, 5 U.S.C. §504 and 28 U.S.C. §2412 and/or pursuant to 42 U.S.C. § 12205; |
| g)  | That Plaintiff have all accrued leave reinstated and an award of leave she would have otherwise accrued since her separation, due to the Defendants' discriminatory actions; |
| h)  | Pre-judgment and post-judgment interest. |
| i)  | Any other such relief, including injunctive and/or declaratory relief, as the Court may deem proper. |

## VII.  FRCP (Rule) 11 CERTIFICATION

Under Federal Rule of Civil Procedure 11, by signing below, I hereby certify that to the best of my knowledge, information and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support, or if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

Dated: November 21, 2023.

Respectfully submitted,

_____
Denis P. McAllister, Esq.
Attorney for Plaintiff