**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

| | | |
|---|---|---|
| ALEXIS RACHWALSKI, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:23-cv-02138-TWP-TAB |
| | ) | |
| MERRICK GARLAND in his official capacity as Attorney General of the United States and Department of Justice, | ) | |
| CHRISTOPHER WRAY in his official capacity as Director of the Federal Bureau of Investigation, | ) | |
| | ) | |
| Defendants. | ) | |

**ENTRY GRANTING BILL OF COSTS**

This matter is before the Court on a Motion for Bill of Costs (Filing No. 58) filed by Defendants Merrick Garland and Christopher Wray in their official capacities (collectively, the "Defendants"). For the following reasons, Defendants' costs are **granted**.

## I. DISCUSSION

Federal Rule of Civil Procedure 54(d) provides, in relevant part, that "costs-other than attorney's fees-should be allowed to the prevailing party." Because the strong presumption in favor of awarding costs to the prevailing party is difficult to overcome, the Court's discretion to deny awarding costs is narrowly confined. *Weeks v. Samsung Heavy Indus. Co.*, 126 F.3d 926, 945 (7th Cir. 1997); *Sanglap v. LaSalle Bank, FSB*, 194 F. Supp. 2d 798, 801 (N.D. Ill. 2002). Generally, only misconduct by the prevailing party or the losing party's inability to pay will suffice to justify denying costs under 28 U.S.C. § 1920. *Id*. Further, it is the losing party's burden to demonstrate that the taxed costs are inappropriate. *Beamon v. Marshall & Ilsley Trust Co.*, 411 F.3d 854, 864 (7th Cir. 2005). The Seventh Circuit has interpreted Rule 54(d) as providing "a strong presumption

that the prevailing party will recover costs, with the ultimate decision resting within the district court's discretion." *Weeks*, 126 F.3d at 945. "The presumption in favor of awarding costs to the prevailing party is difficult to overcome, and the district court's discretion is narrowly confined—the court must award costs unless it states good reasons for denying them." *Id.*

Under 28 U.S.C. § 1920, a federal court may tax as costs:

(1) Fees of the clerk and marshal;

(2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;

(3) Fees and disbursements for printing and witnesses;

(4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;

(5) Docket fees under section 1923 of this title;

(6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920.

Plaintiff Alexis Rachwalski ("Rachwalski") brought this action alleging that the Defendants discriminated against her on the basis of sex and disability and retaliated against her on the basis of sex (Filing No. 2 at 7–8), although Rachwalski later abandoned her disability discrimination claim (Filing No. 42 at 26). Then, on a motion for summary judgment filed by the Defendants, the Court granted summary judgment in favor of Defendants and against Rachwalski and entered final judgment accordingly (Filing No. 56, Filing No. 57). Rachwalski subsequently filed her notice of appeal, appealing the Court's entry of final judgment to the Seventh Circuit Court of Appeals (Filing No. 65). On October 20, 2026, the Seventh Circuit then issued a mandate affirming the Court's final judgment order (Filing No. 70).

As the prevailing party, the Defendants request costs and fees in the amount of $3,745.45 pursuant to Fed. R. Civ. P. 54(d)(1) (Filing No. 58). The breakdown of the requested $3,745.45 is as follows: (1) the Defendants expended $336.50, $405.50, and $299.80 to obtain the depositions Rachwalski conducted of Angela Matthews ("Matthews"), Spencer Brooks, and Paul Holdeman, each of whom were Federal Bureau of Investigations ("FBI") employees during the time of Rachwalski's employment with the FBI; and (2) the Defendants expended $1,593.75 and $1,089.90 for a court reporter and a videographer, respectively, to appear and administer the deposition of Rachwalski (Filing No. 58 at 2). Rachwalski does not object to the taxation of $405.50 and $299.80 for the depositions of Spencer Brooks and Paul Holdeman. Accordingly, the Defendants' Motion is **granted** as to those costs.

However, Rachwalski objects to the taxation of the following expenditures which the Court will address in turn: (1) $336.50 for the deposition of Matthews; (2) $1,089.90 for the video deposition of Rachwalski; and (3) $1,593.75 for the court reporter services for Rachwalski's deposition transcript (*see* Filing No. 63).

**A. Taxation of Matthews' Deposition Transcript**

Rachwalski first objects to the taxation of $336.50 for the deposition transcript of Matthews arguing that "Matthews['] deposition transcript was not relied upon by either party and the fact that Defendants ordered a copy of the same does not make it a reasonable and necessary expense for taxation." (Filing No. 63). In their reply brief, the Defendants contend that taxation of such cost is reasonable because Rachwalski's pre-trial filings included Matthews as a trial witness and reserved the right to directly introduce into evidence the transcript of Matthews' deposition (Filing No. 64 at 2). Specifically, Rachwalski listed Matthews on her Corrected Final Witness List as a witness she might present at trial (Filing No. 45 at 4 ¶ 29). Rachwalski also "reserve[d] the right to

introduce prior statements of any such witness(es) into evidence at trial on this cause of action." *Id*. at 4. Defendants contend that this alone made it necessary for them to obtain a copy of the transcript but also that it directly contradicts Rachwalski's suggestion that Matthews' testimony was unnecessary or unimportant (Filing No. 64 at 2–3). The Court agrees.

For obvious reasons, it is untenable to list a witness as a final witness expected to be called at trial and reserve the right that the witness' prior deposition may be introduced at trial but simultaneously contend that it is unreasonable for opposing counsel to obtain that deposition. Reserving the right to introduce a deposition while contending that opposing counsel should not obtain the deposition is simply not a reason for denying costs. Accordingly, the Defendants' Motion is **granted** as to the $336.50 the Defendants expended to obtain Matthews' deposition transcript, and Rachwalski's Objection is **overruled**.

### B. Taxation for Videography of Rachwalski's Transcript

Next, Rachwalski objects to the taxation of $1,089.90 for videography services for her September 24, 2024, deposition contending that "the use of videography of a healthy, young witness . . . was excessive and not a prudent use of taxpayer dollars in defense of this cause of action." (Filing No. 63 at 3). She argues that videography would have only been prudent if there was a reasonable expectation that she would be unavailable. Rachwalski asserts that the Defendants did not use the video of her deposition in their Rule 56 motion and that Defendants have not provided an invoice or rate charged for the videography services. *Id*.

The Defendants respond by arguing that a videotaping of Rachwalski's testimony was necessary for multiple reasons: (1) she was the most important witness in the case; (2) a video recording of her deposition would more effectively show a deponents' demeanor and nonverbal communication; (3) the video transcript served purposes of impeachment; (4) the video would

show her demeanor that might not have been conveyed by the written transcript; (5) her credibility, and thus her demeanor was of significant importance and witnesses tend to take a deposition more seriously if it is videotaped; (6) better testimony is typically elicited when on video; and (7) it was reasonable to take a belt and suspenders approach by having the video available if it became necessary based on the witnesses live testimony at trial (Filing No. 64 at 6).

Defendants also contend that the necessity of the video was for use at trial, and parties do not use video at the summary judgment stage for reasons including that considerations such as demeanor and credibility matter not at that stage, but at trial. *Id.* at 8. Finally, Defendants contend that the motion was accompanied by a declaration establishing the amount sought, $1,089.90, was expended for the video of the deposition and the declaration was accompanied by an invoice from Stewart Richardson Deposition Services for the amount sought. The Defendants argue that this is enough to establish that the amount at issue was paid, which is sufficient to establish that the costs should be awarded. *Id*.

The Court agrees with the Defendants. Rachwalski offers no authority concerning whether a video of a deposition constitutes a "prudent use of taxpayer dollars", and that is not the standard. The Seventh Circuit has expressly held that courts should not resolve arguments the losing party makes concerning the winning party's strategy and how it could have reduced costs. *Cohen-Chaney v. Nat'l R.R. Passenger Corp.*, 2012 WL 3579881, at *2 (S.D. Ind. Aug. 17, 2012) (citing *Extra Equipamentos E Exportacao Ltda. V. Case Corp.*, 541 F.3d 719, 727 (7th Cir. 2008)). The Defendants persuasively argue that while they had not yet relied on the video testimony, the proper inquiry is whether the deposition was reasonably necessary to the case at the time it was taken, not whether it was used in a motion or in court. Had the case proceeded to trial, the Defendants contend that they would have likely used the video deposition to effectively present evidence to the jury,

thus making it reasonably necessary at the time to take Rachwalski's deposition by both court reporter/stenographic means and video.

In *Little v. Mitsubishi Motors N.A., Inc.*, the Seventh Circuit affirmed that a party could recover for both the cost of video-recorded deposition and the cost of stenographically transcribing the same deposition, as long as both were reasonable and necessary. 514 F.3d 699, 702 (7th Cir. 2008). The Defendants' position is well supported by *Little* and *Cohen-Clancy*. The Court notes that it is not unusual for a party to use a party-witnesses' video deposition for impeachment purposes during trial. And regardless, it is not for the Court to resolve arguments concerning the winning party's strategy. Here, the Defendants intended to use the video had the matter gone to trial, making the video deposition reasonable and necessary at the time it was taken.

In addition, Defendants have adequately shown the costs for the video deposition. Defendants' Motion was accompanied by a signed declaration testifying to the expenditures incurred to defend this lawsuit (Filing No. 58-3). The declaration states that "the United States expended $1,089.90 for a videographer to video record the deposition of the plaintiff, Alexis Rachwalski. The purpose of that expenditure is documented in the attached invoice from Stewart Richardson Deposition Services, dated November 11, 2024." *Id*. at 2. The invoice for the expenditure is then attached to the declaration. *Id*. at 9–10.

Rachwalski has failed to provide any authority which requires that the Court only accept an invoice as evidence of expenditure if it is "paid", despite having the burden to prove that the requested costs are inappropriate. *Beamon*, 411 F.3d at 864. Accordingly, the Court finds sufficient evidence exists to establish that the $1,089.90 for videography of Rachwalski's deposition should be awarded. The Defendants' Motion is therefore **granted** as to this cost, and Rachwalski's Objection is **overruled**.

### C. <u>Taxation for Rachwalski's Deposition Transcript</u>

Lastly, Rachwalski concedes that the cost of her deposition transcript is generally a reasonable cost for taxation, but objects on the grounds that there is no "paid" invoice attached to the Defendants' Motion (Filing No. 63). However, Rachwalski bears the burden of showing the costs are inappropriate, *Beamon*, 411 F.3d at 864, and she provides no authority which precludes the Court from awarding costs unless a "paid" invoice is submitted. The Defendants submitted a signed declaration testifying to the expenditure of $1,593.75 for a court reporter to appear and administer the deposition of the Rachwalski, and for the transcript of that deposition, and attached an invoice confirming that amount to the declaration.

Accordingly, the Court finds that the $1,593.75 for Rachwalski's deposition and transcript should be awarded. Defendants' Motion as to such costs is **granted**, and Rachwalski's Objection is **overruled**.

## II. <u>CONCLUSION</u>

For the reasons stated above, the Defendants' Motion for Bill of Costs (Filing No. 58) is **GRANTED**, and Rachwalski's Objection (Filing No. 63) is **OVERRULED**. The Court awards the Defendants $3,745.45 in reasonable fees and necessary costs incurred in this litigation. The **Clerk is directed** to tax costs against Plaintiff Alexis Rachwalski in favor of the Defendants in the amount of $3,745.45.

**SO ORDERED.**

Date: October 26, 2026

Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

Distribution:

Calesia Henson
DOJ-USAO
calesia.henson@usdoj.gov

Denis P Mcallister
Denis P. Mcallister
kogid67@aol.com

Jason P. Snyder
DOJ-USAO
jason.snyder@usdoj.gov